Putnam J.
delivered the opinion of the Court. We are all of opinion that the levy is sufficiently set forth by metes and bounds. The house is proved to be on the westerly side of Court Street, which runs nearly from north to south, and to be between Joseph Bartlett junior’s house and William Keen’s house-lot. It stands with its end towards the street, *149 and it fronts upon a yard that extends from the street to Mrs. Nicholson’s land, where a fence stands and is a known boundary. The westerly half of the house and the land under it, and the land to the westward of it and of the same width of the house, extending westwardly to the land of Mrs. Nicholson, is precisely set out by metes and bounds. -The rest of the levy consists of easements and rights or privileges which were necessarily created for the convenient enjoyment of the premises so set out by metes and bounds, to which we need not particularly refer. So that, in regard to the levy, we think the officer’s return is sufficient.[1]
We are then to consider whether Sarah Drew acquired the title of Lemuel, by a deed which was dated and recorded before the attachment was made ; and if she did, the tenant is to prevail, for it is admitted that he has lawfully acquired all title in the premises which Sarah Drew had. Now it is proved, that two days before the attachment, Lemuel Drew directed and employed the register of deeds to draw the deed, and Lemuel executed it before two witnesses, and left it to be recorded, as the register understood, for the use of the grantee, and it was in fact recorded one day before the attachment. The register handed the deed to the brother of the grantee, two days after the attachment, and the brother was requested by the grantee to go to the office and take it for her, two or three days before he obtained it. And the grantor told him, on the day when he executed the deed, that he had given a deed of the premises to Sarah Drew, and requested him to call at the office and get it for his sister, the grantee. And it was proved that the grantor told Hamblin Tillson that he had given a deed of the premises to Sarah Drew on the day that he had executed it, and Sarah was then present. We all think that the delivery to the register for the use of the grantee, and her assent to the same before the attachment, (which is to be inferred from the facts above recited) was equivalent to an actual delivery to the grantee personally. If, therefore, it were made upon a good consideration and bond fide, the title vested in her. But as that is denied by the demandants, *150 a new trial is to be granted to try the question, whether the deed were so made, or with intent to delay or defraud the creditors of the grantor.[1]

 See Powers v. Russell, 13 Pick. 69; Beers v. Broome, 4 Connect. R. 248 Chess v. Chess, 1 Pennsylv. R. 32.

 See Rev. Stat. c. 73, § 5.